Morphy, J.
The defendant has appealed from an order of seizure and sale taken out of the lower court, by the petitioner, as the curator of the estate of Hugh B. Johnson. The fiat of the Judge was given on a proces-verbal of the adjudication of a slave to Wadwell Sanders at the probate sale of the succession, signed by the purchaser in presence of two witnesses and the Judge of the parish of Catahoula, acting ex offido as auctioneer, and on two of the notes he had given in payment of the property, which notes were paraphed ne varietur by the said Judge.
*239 The appellant’s counsel has assigned as errors apparent on the face of the record:
1. That the District Judge had not before him legal and authentic evidence of the capacity assumed by the petitioner, to authorize the issuing of an order of seizure and sale.
2. That a sufficient demand of payment at the place mentioned on the face of the notes sued on, was not shown.
I. We find in the record copies of the bond given, and of the oath taken by the petitioner, as curator of the succession of Hugh B. Johnson, before the Probate Judge of the parish of Catahoula, and these documents are certified under the hand and seal of the said Judge, as correct copies from the originals on file. Letters of curatorship, duly attested, would have been, perhaps, better'evidence of the appointment of M. H. Dosson as curator, than that produced below; but as the bond and oath received by the Judge of Probates necessarily presupposed an appointment made by him, we think that the District Judge had sufficient proof of the right and capacity of the person applying for the order on behalf of the estate. Civ. Code, arts. 1119, 1120. The authentic evidence required by the Code to authorize the issuing of an order of seizure and sale must be complete, so far as regards the debt sought to be enforced by this summary proceeding. If, for instance, a mortgage by an authentic act has been executed under a power of attorney from the mortgagor, or if a note secured by mor (gage has been'"assigned, the power of attorney and the assignment must appear from authentic act, otherwise the whole evidence of the debt would not be of that character which' the law requires to be the basis of executory process. As relates to the capacity of persons suing en auter droit, it is sufficient, we think, if they make a prima facie showing of their right and quality. Rowlett v. Shepherd, 7 Mart. N. S. 514. In a case like the present, and in many others which can easily be imagined, such persons cannot produce authentic acts, as defined by the Code, to show their right to sue, nor is it necessary that they should.
II. In relation to the demand made at the place where the two notes in suit were payable, such demand, if necessary at all in a case like the present, is proved by a protest to be found in the *240 record. The notes were made payable at the office of the Parish Judge of Catahoula, and the notary declares* that, on the 1st of March, 1845, he presented them, at that place, to one George S. Sawyer then in the office, the Parish Judge being absent, and dematided payment of him, and was answered that no funds had been deposited there to pay such notes, &c. Such a demand appears to us fully sufficient against the drawer of a note.

Judgment affirmed.

 In his certificate of protest.